Exhibit "A"

BCAT/Shellpoint
578127962

Fulton County Superior Court
***EFILED***TV
Date: 9/27/2017 4:47:49 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA
**SUMMONS**

27497-101117

LOUISE T. HORNSBY                    )
                                     )
     Plaintiffs,                     )
                                     )
v.                                   )      CIVIL ACTION FILE
                                     )      NO. 2017CV295888
                                     )
BANK OF AMERICA, N.A.                )
THE AUTOMOBILE INSURANCE             )
COMPANY OF HARTFORD,                 )
CONNECTICUT a/k/a TRAVELERS,         )
SOUTHERN INSURANCE AGENCY,           )
INC., RUSHMORE LOAN                  )
MANAGEMENT SERVICES, LLC,            )
WILMINGTON SAVINGS FUND              )
SOCIETY, FSB d/b/a CHRISTIANA        )
TRUST, not in its individual capacity but )
solely as Trustee for BCAT 2014-4TT  )
                                     )
     Defendants.                     )
                                     )

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned and required to file electronically with the Clerk of said Court at
https://efilega.tylerhost.net/ofsweb and serve upon plaintiff, whose name and address:

Louise T. Hornsby, Pro Se
2016 Sandtown Road
Atlanta, Georgia 30311

An answer to the complaint which is herewith served upon you, within 30 days after service of this
summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed
within five (5) business days of such service. Then time to answer shall not commence until such proof of
service has been filed. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN
AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.
                                        9/27/2017
This_____day of _____, 2017.

                              Honorable Cathelene "Tina" Robinson
                              Clerk of Superior Court

                              By_____
                                 Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you_____, 20_____.

                              _____
                                 Deputy Sheriff

Fulton County Superior Court
***EFILED***TMM
Date: 10/3/2017 8:56 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | |
|---|---|
| LOUISE T. HORNSBY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) **CIVIL ACTION FILE** |
| v. | ) **NO. 2017CV295888** |
| BANK OF AMERICA, N.A. | ) |
| THE AUTOMOBILE INSURANCE | ) |
| COMPANY OF HARTFORD, | ) |
| CONNECTICUT a/k/a TRAVELERS, | ) |
| SOUTHERN INSURANCE AGENCY, | ) |
| INC., GOVERNMENT NATIONAL | ) |
| MORTGAGE ASSOCIATION, | ) |
| RUSHMORE LOAN MANAGEMENT | ) |
| SERVICES, SHELLPOINT | ) |
| MORTGAGE SERVICING, | ) |
| WILMINGTON SAVINGS FUND | ) |
| SOCIETY, FSB d/b/a CHRISTIANA | ) |
| TRUST, not in its individual capacity but | ) |
| solely as Trustee for BCAT 2014-4TT | ) |
| Defendants. | ) |
| | ) |

## ORDER GRANTING PLAINTIFF'S EMERGENCY PETITION FOR TEMPORARY 30 Day
## RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION          eub

This matter is before the Court on Plaintiff's Complaint and for an Emergency Temporary Restraining Order and Injunctive Relief to prevent Defendants and their attorneys and agents from foreclosing on October 3, 2017, on property located at 2016 Sandtown Rd. SW, Atlanta, Fulton County Georgia 30311, and for good shown by Plaintiff that there will be immediate, irreparable harm and injury resulting should Defendants or their agents be allowed to foreclose on said property before the merits of Plaintiff's case is heard.

IT IS HEREBY ORDERED, that Defendant(s), their attorneys and agents be temporarily restrained and enjoined from foreclosing on the property which is the subject matter of this *(30 days)* Complaint and is located at 2016 Sandtown Rd. SW, Atlanta, Fulton County, Georgia 30311. *eub*

FURTHER ORDERED, that Plaintiff pay into the Court Registry the sum of $835.40 monthly beginning upon the date of this Order and payable again on the 1st day of November 2017 and continuing each and every month thereafter on the 1st day of each month until the conclusion of this case.

SO ORDERED, THIS 2 day of Oct 2017

_____
JUDGE, SUPERIOR COURT
FULTON COUNTY, GEORGIA

Fulton County Superior Court
***EFILED***TV
Date: 9/27/2017 4:47:49 PM
Cathelene Robinson, Clerk

## General Civil Case Filing Information Form (Non-Domestic)

**Court**
☑ Superior
☐ State

**County** _____

**Docket #** 2017CV295888

**Date Filed** 9/27/2017
MM-DD-YYYY

**Plaintiff(s)**

Hornsby, Louise
Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

Last   First   Middle I.   Suffix Prefix   Maiden

**No. of Plaintiffs** ___1___

**Defendant(s)**

Bank of America, N.A.
Last   First   Middle I.   Suffix Prefix   Maiden

The Auto Insurance Company of Hartford, Connecticut
Last   First   Middle I.   Suffix Prefix   Maiden

Rushmore Loan Management Services, LLC
Last   First   Middle I.   Suffix Prefix   Maiden

Wilminington Savings Fund Society, FSB
Last   First   Middle I.   Suffix Prefix   Maiden

**No. of Defendants** ___4___

**Plaintiff/Petitioner's Attorney**      ☑ Pro Se

Last      First      Middle I.      Suffix

**Bar #** _____

### Check Primary Type (Check only ONE)

☐ Contract/Account
☐ Wills/Estate
☐ Real Property
☐ Dispossessory/Distress
☐ Personal Property
☑ Equity
☐ Habeas Corpus
☐ Appeals, Reviews
☐ Post Judgement Garnishment, Attachment, or Other Relief
☐ Non-Domestic Contempt
☐ Tort (If tort, fill in right column)
☑ Other General Civil (Specify) Fraud, Theft, Attempted Wrongful Foreclosure. TRO

### If Tort is Case Type:
#### (Check no more than TWO)

☐ Auto Accident
☐ Premises Liability
☐ Medical Malpractice
☐ Other Professional Negligence
☐ Product Liability
☐ Other (Specify) _____

**Are Punitive Damages Pleaded?** ☑ Yes ☐ No

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

Fulton County Superior Court
***EFILED***TV
Date: 9/27/2017 4:47:49 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| LOUISE T. HORNSBY | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 2017CV295888 |
| BANK OF AMERICA, N.A. | ) | |
| THE AUTOMOBILE INSURANCE | ) | |
| COMPANY OF HARTFORD, | ) | |
| CONNECTICUT a/k/a TRAVELERS, | ) | |
| SOUTHERN INSURANCE AGENCY, | ) | |
| INC., RUSHMORE LOAN | ) | |
| MANAGEMENT SERVICES, LLC, | ) | |
| WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB d/b/a CHRISTIANA | ) | |
| TRUST, not in its individual capacity but | ) | |
| solely as Trustee for BCAT 2014-4TT | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFIED COMPLAINT FOR FRAUD, THEFT, ATTEMPTED WRONGFUL FORECLOSURE AND PETITION FOR TEMPORARY AND PERMANENT RESTRAINING ORDER AND INJUNCTIVE RELIEF,

COMES NOW Plaintiffs Louise T. Hornsby and files this Verified Complaint for Fraud, Theft, Attempted Wrongful Foreclosure and Petition for Temporary and Permanent Restraining Order and Injunctive Relief and states the following:

### PARTIES:

1.

Plaintiff Louise T. Hornsby (hereinafter "Plaintiff") is a third party beneficiary to this lawsuit as she signed the security deed and promissory note which is subject to this lawsuit and subject to the foreclosure of the property located at 2016 Sandtown Road, Atlanta, Georgia

2.

Defendant Bank of America, N.A. (hereinafter "BOA") is a foreign corporation doing business in the State of Georgia. BOA is registered with the Secretary of State of Georgia and can be served through its registered agent CT Corporation located at 289 S. Culver Street, Gwinnett County, Lawrenceville, Georgia 30046.

3.

The Automobile Insurance Company of Hartford, Connecticut a/k/a Travelers, Southern Insurance Agency, Inc. (hereinafter "Travelers") is a foreign limited liability company doing business in the State of Georgia. Travelers is registered with the Secretary of the State of Georgia and can be served through its registered agent Corporation Service Company located at 40 Technology Pkwy South, Suite 300, Norcross, Gwinnett County, Georgia 30092.

4.

Wilmington Savings Fund Society FSB d/b/a Christiana Trust, not in its individual Trust but for BCATT 2014-4TT is a Trust (hereinafter "Christiana Trust") from life insurance policies set up for the purpose of purchasing property. Christiana Trust is a foreign entity not registered in the State of Georgia although doing business the same and can be served in Delaware at 500 Delaware Ave., 11th Floor, Wilmington, Delaware 19801. Rushmore Loan Management Services, LLC is a foreign entity registered in the State of Georgia and can served through its registered agent Corporation Service Company located at 40 Technology Pkwy. South, STE 300, Norcross, Gwinnett County, GA 30092.

## JURISDICTION AND VENUE

5.

This property which is the subject of this lawsuit is located at 2016 Sandtown Road,

Fulton County, Georgia 30311, therefore jurisdiction is proper in this case.

6.

Venue is proper in this case because this is a case involving real property and equity thereof.

## **FACTS:**

7.

On or about October 18, 1995, Plaintiff obtained a residential mortgage loan with Bank South Mortgage, Inc. on her residence located at 2016 Sandtown Road, Atlanta, Fulton County, Georgia 30311 (hereinafter "property").

8.

On or about October 18, 1995, Plaintiff executed two documents to memorialize the residential loan transaction. She signed a security deed and promissory note. Said security deed was recorded on November 2, 1995.

9.

According to the Note, Plaintiff borrowed $113,850.00 at 8% interest. The principal and interest payments were to be $835.40. According to the Note, this "part would be the larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument." (see attached Note marked as Exhibit "A").

10.

On June 1, 1997, Plaintiff, for value, executed a quitclaim deed to her daughter, Avis Hornsby (now known as Avis Hornsby-Culpepper). Said deed was recorded on June 5, 1997.

11.

Sometime in 2011, Plaintiff started to notice that her mortgage payments where increasing drastically.

11.

Plaintiff made requests for information regarding her escrow which included her insurance and tax. It is important to note that the Lender paid, upfront Plaintiff's Homeowner's insurance policy and property taxes which where included as a part of the escrow.

12.

As it was easy to search for the tax records on the property, Plaintiff realized that she had not been receiving yearly her insurance (actually unknown at the time) or escrow statements from the mortgage servicer (now BOA).

13.

Although requests were made BOA refused to send the requested information as such, Plaintiff her mortgage payments "under protest."

14.

Then, in 2012, Plaintiff's mortgage again increased significantly which caused concern because the although her property taxes were decreasing her escrow payments where significantly increasing.

15.

After numerous requests for information regarding the increase of escrow with no comprehensible response, Plaintiff stopped making payments on her mortgage in order to get them to stop ignoring her requests.

16.

As a result of Plaintiff ceasing to pay the mortgage, BOA, in 2013 then sent her

paperwork that showed that the homeowners insurance for the 2013 year was $4886.00 and also the 2012 insurance was $4154.00.

17.

This was startling to Plaintiff since the taxes on the property were consistently decreasing.

18.

During that same year, Plaintiff then received notice from Travelers Insurance providing her with a copy of her homeowners policy for 2013-2014 showing $405,000.00 as the property coverage value of her home. (See copy of Travelers' Homeowners Policy marked as Exhibit "B")

19.

However, according to the Fulton County Tax Assessor, in 2013 Plaintiff's home was valued at $48,400.00. (See Tax Assessor History of property marked as Exhibit "C").

20.

Travelers valued Plaintiff's property almost ten (10) times the total value of the county tax assessor.

21.

Each year BOA showed an increase in the escrow amount from the homeowners insurance which ultimately increased Plaintiff's monthly mortgage payment.

22.

As a result of Plaintiff's refusal to pay the monthly mortgage, which included the increased escrow Plaintiff was required to pay under the Note, Plaintiff's home went into foreclosure.

23.

The monthly attempts by Plaintiff, with back and forth paperwork created a downward spiral of delay of increased payments which made it impossible for Plaintiff to pay and impossible for Plaintiff to know her correct the correct amount of her mortgage payments.

24.

After years of disputes regarding the amount owed on the loan and the fraudulent increase of Plaintiff's escrow, BOA made attempts to foreclose on Plaintiff's property.

25.

In or about December 2014, Hornsby requested mortgage assistance and submit, along with a Hardship Affidavit requesting a modification of her loan. She showed proof of surgery for a pacemaker and a downward salary from her taxes and provided all the information requested.

26.

At some point BOA kept claiming they had not received the information (although Hornsby had confirmation) and Hornsby would have to resend all the information several times before they claimed they actually had all the information necessary to process the modification.

27.

Instead of modifying the loan in a downward amount, BOA modified her loan upwards over $200.00 to $300 more than her actual mortgage.

28.

Even before BOA completed the paperwork, Hornsby started getting notices from Rushmore stating they were the new owners and servicers of the loans.

29.

At some point, both Rushmore and BOA were sending letters to Hornsby claiming they

6

both were the owner/servicers of the loan for the subject property.

30.

To date, even Christiana Trust continues to show an increase on Hornsby's escrow as a result of the increase in the homeowners insurance on the subject property.

## SECURITY DEED AND ASSIGNMENTS OF THE SUBJECT PROPEFRTY

31.

Plaintiff re-alleges paragraphs 1 through 30 and incorporates them as though fully set out and incorporated by reference herein.

32.

On October 14, 1995, Plaintiff executed a Security Deed with Bank South Mortgage, Inc.

33.

On February 23, 1996, Bank South Mortgage, Inc. merged with Nationsbanc, Mortgage Corporation.

34.

In 1998, Nationsbanc Mortgage, Corp. merged with Bank America and became Bank of America Mortgage Co.

35.

On February 11, 2013, (filed and recorded on February 25, 2013) Bank of America, N.A. as SBM to BA Mortgage, LLC as successor to Bank South Mortgage, Inc. assigns Plaintiffs security deed and note to Ginnie Mae.

36.

On April 22, 2013, (filed and recorded on April 26, 2013) Bank South Mortgage, Inc.

transferred Plaintiff's security deed to Bank of America, N.A.[1]

37.

On August 9, 2013, (filed on August 12, 2013), in a Corrective Assignment which cross indexed to the assignment on February 25, 2013, Bank of America, N.A. Successor by Merger to BA Mortgage, LLC, successor by merger to Nationsbanc Mortgage Corporation, successor by merger to Bank South Mortgage, Inc. transferred Plaintiff's Security Deed to Government National Mortgage Association ("Ginnie Mae").

38.

On July 23, 2013 (recorded on August 15, 2013) Ginnie Mae assigned Plaintiff's security deed to Bank of America, N.A. It is important to note that this assignment was signed not by a representative of Ginnie Mae but a Bank of America, Attorney-in-fact.

39.

On September 23, 2015, (recorded on March 16, 2016), Bank of America, N.A. assigned Plaintiff's security deed to the Security of Housing and Urban Development.

40.

On September 25, 2015 (recorded on March 28, 2016 at 8:42 a.m.), Security of Housing and Urban Development (hereinafter "HUD") assigned Plaintiff's security deed to GCAT 2014-4, LLC c/o Rushmore Loan Management Services. It was signed by Keenan Cain, Rushmore's attorney-in-fact.

41.

On September 25, 2015 (recorded on March 28, 2016 at 8:42 a.m.), GCAT 2014-4, LLC c/o Rushmore Loan Management Services, LLC assigned Plaintiff's security deed and note to Wilmington Savings Fund Society, FSB, doing business as Christiana Trust, not in its individual

---

Although it isreceived by Bank South Mortgage, Inc. it is signed as Bank of American NA SBM to BA Mortgage, LLC, SBM to Nationsbanc

capacity but solely as trustee for BCAT 2014-4TT. It was also signed by Keenan Cain,
Rushmore's Attorney-in-fact.

42.

Each assignment from HUD to Rushmore and from Rushmore to Christiana Trust have
Exhibit A Limited Powers of Attorney but neither show that Keenan Cain is authorized under
either POA to sign on behalf of Rushmore. Further, each POA is regarding a Single Family Loan
Sale 2014-2, Part 2 which lists FHA case numbers but is not clear that Plaintiff's loan is actually
on that list.

43.

Additionally, the Attestation from HUD to Rushmore lists Keenan Cain as Rushmore's
Attorney-in-fact, instead of HUD's attorney-in-fact.

## HAMP Was Created as a Clear, Streamlined Method for Borrowers to Modify Loans and Avoid Foreclosure

44.

Plaintiff re-alleges paragraphs 1 through 43 and incorporates them as though fully set out
and incorporated by reference herein.

45.

In response to this foreclosure crisis, the federal government developed the
Making Home Affordable ("MHA") program. HAMP was developed as a part of MHA to help
keep homeowners in their homes by incentivizing mortgage servicers to modify the loan terms
for borrowers who were delinquent or in danger of becoming delinquent on their loans.

46.

Mortgage Corporation SBM to Bank South Mortgage, Inc.

When President Obama announced HAMP on February 18, 2009, he described it as a plan to eliminate a "maze of rules and regulations" in which homeowners rarely find answers, and in which "your ability to restructure your loan depends on where you live, the company that owns or manages your loan, or even the agent who happens to answer the phone on the day that you call." The president announced that HAMP "establishes clear guidelines for the entire mortgage industry that will encourage lenders to modify mortgages on primary residences…. This will enable as many as 3 to 4 million homeowners to modify the terms of their mortgages to avoid foreclosure." The president described the shared responsibility under HAMP as follows:

> So this part of the plan will require both buyers and lenders to step up and do their part, to take on some responsibility. Lenders will need to lower interest rates and share in the costs of reducing monthly payments in order to prevent another wave of foreclosures. Borrowers will be required to make payments on time in return for this opportunity to reduce those payments.[2]

47.

The HAMP program is administered by the U.S. Treasury Department ("Treasury"). All banks participating in the Troubled Asset Relief Program ("TARP") were required to participate in HAMP, while other banks could participate voluntarily.[3] BOA accepted over $45 billion in TARP bailout money. BOA thus signed a "Servicer Participation Agreement" with Treasury to participate in HAMP at its outset in April 2009.[4] As with all

---

[2] Remarks by the President on the Home Mortgage Crisis, February 18, 2009; available at http://www.whitehouse.gov/the-press-office/remarks-president-mortgage-crisis

[3] Kristopher Gerardi & Wenli Li, Mortgage Foreclosure Prevention Efforts , 95 FED . RESERVE BANK OF ATLANTA ECON . REV ., No. 2, at 6 (2010).

[4] Amended and Restated Commitment to Purchase Financial Instrument and Servicer Participation Agreement, http://www.treasury.gov/initiatives/financial-stability/TARPPrograms/ housing/mha/Documents_Contracts_Agreements/093010bankofamericahomeloansSPA(incltransmittal)-r.pdf; Amended and Restated Commitment to Purchase Financial Instrument and Servicer Participation Agreement.

participating servicers, BOA was required to solicit certain borrowers to apply for HAMP assistance.[10]

48.

HAMP was designed to enhance the incentives of mortgage loan investors and servicers to modify loan terms to lower monthly payments. By modifying the loan, investors (and servicers) would initially receive lower payment cash-flows than they would have received under the original mortgage contract, but the likelihood of the borrower defaulting on the loan would decrease and the costs of foreclosure to borrowers, investors, servicers, and to communities could be avoided.

49.

Treasury's regular evaluations of HAMP performance demonstrate the significant benefits to borrowers who receive HAMP modifications. As of June 2010, Treasury reported that 100 percent of permanent modifications featured an interest rate reduction, 56 percent had term extensions, and 29 percent included principal forbearance.[5] The median monthly principal and interest payment was reduced 41 percent for modified loans, from $1,422 to $838.[6] By the end of 2012, Treasury reported that homeowners in permanent HAMP modifications for all servicers had saved an estimated $17.3 billion in monthly mortgage payments.[7] Borrowers receiving HAMP modifications also realized a lower likelihood of re-default than borrowers receiving other types of modifications.[8]

---

http://www.treasury.gov/initiatives/financial-stability/TARPPrograms/
housing/mha/Documents_Contracts_Agreements/Bank%20of%20America%20NA.pdf
[5] U.S. Department of Treasury, Making Home Affordable Program Servicer Performance Report through June 2010 (Aug. 6, 2010), at 3.
[6] Id.
[7] U.S. Department of Treasury, Office of Financial Stability, Troubled Asset Relief Program: Four Year Retrospective Report, An Update on the Wind-Down of TARP (Mar. 2013), http://www.treasury.gov/initiatives/financial-stability/reports/Documents/TARP%20Four%20Year%20 Retrospective%20Report.pdf, at 21.
[8] Office of the Comptroller of Currency, OCC Mortgage Metrics Report, Disclosure of National Bank and Federal Savings Association Mortgage Loan Data, Third Quarter 2012 (Dec. 2012),

50.

Treasury requires Participating Servicers to evaluate all loans that are 60 or more days delinquent or appear to be in imminent default (as defined by the Program Documentation), to determine which loans meet the HAMP eligibility criteria. In addition, if a borrower contacts a Participating Servicer regarding a HAMP modification, the Participating Servicer must collect income and hardship information to determine if the borrower is eligible for a HAMP modification.[9]

## COUNT I-DEFENDANTS BOA, RUSHMORE, AND CHRISTIANA TRUST HAVE VIOLATED HAMP AND ATTEMPTED WRONGFUL FORECLOSURE

51.

Plaintiff re-alleges paragraphs 1 through 54 and incorporates them as though fully set out and incorporated by reference herein.

52.

Plaintiff requested a modification from BOA through HAMP.

53.

BOA continued to delay the application process by claiming it did not have all the paperwork or never received any paperwork at all.

54.

In the end, although Plaintiff qualified for a lower modified amount of her loan, BOA modified her loan in an upward amount more than her original loan amount.

55.

---

http://www.occ.gov/publications/publications-by-type/other-publications-reports/mortgage-metrics-2012/mortgagemetrics-q3-2012.pdf, at 39, 44. Following the HAMP modifications implemented between the third quarter of 2009 and the second quarter of 2012, 8.5 percent were either in the foreclosure process or had completed foreclosure at the end of September 2012, compared with 14.8 percent of non-HAMP modifications over the same time period. Id . at 44.

Neither Rushmore, nor Christiana Trust has offered Plaintiff a modification of her loan through HAMP.

56.

As a matter of fact, Christiana Trust, as BOA, offered Plaintiff pay a trial period plan to make more affordable payments but requested Plaintiff to make payments which were higher than the normal loan payments.

57.

As a result Plaintiff has been damaged in that Defendants BOA and Christiana Trust have failed to allow Plaintiff to modify her loan as per HAMP.

58.

Further, BOA and Christiana Trust have attempted to foreclose on Plaintiff knowing they have not properly followed HAMP nor allowed Plaintiff to modify her loan knowing she qualifies.

## COUNT II-FRAUD, THEFT AND RICO VIOLATION

59.

Plaintiff realleges paragraphs 1 through 58 and incorporates them as though fully set out and incorporated by reference herein.

60.

Under Georgia law, the elements of fraud are: (1) false representation by Defendant; (2) scienter; (3) intent to induce Plaintiff to act or refrain from acting; (4) justifiable reliance by Plaintiff; and (5) damages.

61.

BOA and Travelers have falsely misrepresented the escrow amount owed within

---

[9] SD 09-01 at 2-4.

Plaintiffs account.

62.

Travelers misrepresented the actual value of the homeowners insurance on the subject property by valuing the property at ten times the actual value of the property.

63.

BOA, Rushmore and Christiana Trust have continued to allow Travelers increase the value of its insurance policy on the subject home although Plaintiff has requested that they investigate, stop paying and request changes in the homeowners policy.

64.

BOA and Travelers induced Plaintiff into paying higher mortgage payments knowing the amount of the payments (specifically the escrow and homeowners insurance was invalid and false.

65.

BOA and Travelers have committed a criminal enterprise designed to prey on senior citizens in order to increase homeowner's payments by increasing their homeowner's insurance without due cause and without the property values of their customer's homes increasing.

66.

BOA and Travelers motives and intent were a fraudulent scheme on elderly homeowners.

67.

Further, BOA had an enterprise designed to minimize the number of permanent modifications like Plaintiff's modification.

68.

BOA issued letters and solicitations and letters of instructions to modify under HAMP knowing it would not modify Plaintiff's loan.

69.

BOA's offer to modify was fraudulent and a fraudulent scheme in order to deliberated delay not to actually modify Plaintiff's loan.

70.

Plaintiff has been damaged by BOA and Travelers criminal enterprise.

71.

Further, Plaintiff was damaged in that she could not continue to makes which were incorrect and false and ultimately it caused Plaintiff's home to go into foreclosure status.

72.

Plaintiff is also damaged in that she does not know the true amount of her loan and loan payments which are due and owing in that BOA and/or Travelers have committed theft against Plaintiff in taking money from Plaintiff that Plaintiff never actually owed.

## COUNT III – COMPENSATORY DAMAGES

73.

Plaintiff re-alleges paragraphs 1 through 72 and incorporates them as though fully set out and incorporated by reference herein.

74.

As a result of the Defendants individually and collectively, Plaintiff has been harmed and should be allowed compensatory damages against Defendants individually and collectively.

## COUNT IV – PUNITIVE DAMAGES

75.

Plaintiff re-alleges paragraphs 1 through 74 and incorporates them as though fully set out and incorporated by reference herein.

76.

Defendants BOA and Travelers through its employee and agents have willfully and with reckless disregard illegally and unlawfully committed theft and fraud against Plaintiff in the handling of her loan and escrow account.

77.

Plaintiff is allowed punitive damages against them under the law.

## TEMPORARY AND PERMANENT RESTRAINING ORDER AND INJUNCTIVE RELIEF

78.

Plaintiff re-alleges paragraphs 1 through 77 and incorporate them as though fully set out and incorporated by reference herein.

79.

Pursuant to O.C.G.A. § 9-5-1 and § 9-11-65, Plaintiff files for temporary and permanent injunctive relief against foreclosure by Defendant Christiana Trust and all Defendants collectively.

80.

O.C.G.A. § 9-5-1 provides that "equity, by writ of injunction, may restrain proceedings in another or the same court, a threatened or existing tort, or any other act of a private individual or

corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law."

81.

Plaintiff shows that her home is scheduled for foreclosure on October 2, 2017, the first Tuesday in the month of October.

82.

Plaintiff shows that she will be irreparably harmed with no adequate remedy at law.

83.

Plaintiff has a clear legal right to seek injunctive relief due to Defendant's pending illegal foreclosure on the subject property. If Christiana Trust is not enjoined, the subject home will be foreclosed and forever gone.

84.

Plaintiff asks that this Court Temporary Restrain foreclosure of the subject property and have a hearing within the next 30 days for Christiana Trust to show cause as to why a Permanent Injunctive Relief should not be ordered until the conclusion of this case pursuant to O.G.C.A. §§ 9-5-1 and 9-5-3.

83.

O.C.G.A. § 9-5-1 provides that equity, by writ of injunction, may restrain any act of a private individual or corporation which is illegal or contrary to equity and good conscience and for which no adequate remedy is provided at law.

17

84.

O.C.G.A. § 9-5-3(b) provides that writs of injunction may be issued by the superior courts to enjoin sales by sheriffs, at any time before a sale takes place, in any proper case made by application for injunction.

85.

O.C.G.A. § 9-11-65(b)(1) and (b)(2) provides that a temporary restraining order may be granted without oral or written notice to the adverse party if it clearly appears from the specific facts shown by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or his attorney can be heard in opposition, and that the applicant's attorney certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required.

86.

Plaintiff has no adequate remedy at law to redress the harm complained of, and dispossession of Plaintiff's property, under the circumstances of record, is contrary to equity and good conscience in that such dispossession is being instituted by parties who have no legal standing to institute or maintain the possession of Plaintiff's property *ab initio*.

87.

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting permanent injunctive relief against Christiana Trust or any of their agents or attorneys from foreclosing on the subject property until this case is resolved.

**WHEREFORE**, Plaintiff respectfully prays and demands as follows:

a) That there be a judgment against BOA, Rushmore and Christiana Trust violation of HAMP and Attempted Wrongful Foreclosure to be determined by the enlightened conscience of a jury;

b) That there be a judgment against BOA, Travelers and Christiana Trust for Fraud, Theft and the RICO Act to be determined by the enlightened conscience of a jury;

c) That there be a judgment against all the Defendants individually and collectively for compensatory damages to be determined by the enlightened conscience of a jury;

d) That there be a judgment against BOA and Travelers for punitive damages to be determined by the enlightened conscience of the jury;

e) That the Court grant Plaintiff a Temporary Restraining Order and a hearing within thirty (30) days and grant Plaintiff permanent injunctive relief from Christiana Trust, their agents and attorneys from foreclosing on the subject property while this case is in litigation;

f) That Plaintiff have a trial by jury as the damages;

g) For any other and further relief which is just and proper.

Respectfully submitted this 27th day of September 2017.

Louise T. Hornsby, Pro Se

2016 Sandtown Rd., S.W.

Atlanta, GA 30311-3420
(p) 404-758-0356

# EXHIBIT A

Multistate

File Number

**NOTE**

October 18, 19 95

2016 SANDTOWN ROAD, S.W., ATLANTA, GA  30311
[Property Address]

## 1. PARTIES

"Borrower" means each person signing at the end of this Note, and the Person's successors and assigns.  "Lender" means Bank South Mortgage, Inc.

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of   ONE HUNDRED THIRTEEN THOUSAND EIGHT HUNDRED FIFTY AND NO/100--------------------------------------
Dollars (U.S. $ 113,850.00                ), plus interest, to the order of Lender.  Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of      Eight
per cent (        8.000 %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument."  That Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT

### (A) Time

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on December 1, 19 95     .  Any principal and interest remaining on the first day of      November 2025     , will be due on that date, which is called the maturity date.

### (B) Place

Payment shall be made at Bank South Mortgage, Inc., P. O. Box 105019, Atlanta, GA 30348                     or at such other place as Lender may designate in writing by notice to Borrower.

### (C) Amount

Each monthly payment of principal and interest will be in the amount of $ 835.40          .  This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

### (D) Allonge to this note for payment adjustments

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Growing Equity Allonge                    ☐ Graduated Payment Allonge
☐ Other [specify]

## 5. BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month.

## 6. BORROWER'S FAILURE TO PAY

### (A) Late Charge for Overdue Payments

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of Four             per cent (        4.000 %) of the overdue amount of each payment.

### (B) Default

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default.  In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults.  This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

### (C) Payment of Costs and Expenses

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

Initials

FDS Form Number DCMU121

Page 1 of 2
First Data Systems, Inc.

## 7. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due.  "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed.  Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things.  Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  Lender may enforce its rights under this Note against each person individually or against all signatories together.  Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_____ (Seal)
LOUISE T. HORNSBY                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

PAY TO THE ORDER OF

_____ (2)

WITHOUT RECOURSE
NationsBanc MORTGAGE CORPORATION
BY _____
DANIEL F. HELLAMS
EXECUTIVE VICE PRESIDENT

Pay to the order of (1)

NationsBanc Mortgage Corporation
Without Recourse
Bank South Mortgage, Inc.
BY _____
Tina Viar
Shipping Manager



LOAN NUMBER: ▮▮▮▮▮▮
FHA Multistate Fixed Rate Note - 3/91

# EXHIBIT B

Continuation
Declarations

 **TRAVELERS**

## HOMEOWNERS POLICY

**Named Insured**

LOUISE T HORNSBY
2016 SANDTOWN RD SW
ATLANTA GA 30311

**Your Agency's Name and Address**

CONTINUITY RISK PARTNERS
2740 BERT ADAMS RD NW STE 200
ATLANTA, GA   30339

---

**Your Policy Number:**   037641932 633 9
**Your Account Number:**   037641932

**For Policy Service Call:** (770) 434-5000
**For Claim Service Call:** 1-800-CLAIM33

---

**Policy Period**
FROM: 10-18-13 To: 10-18-14   12:01 A.M.
STANDARD TIME AT THE RESIDENCE PREMISES

**Location of Residence Premises**

2016 SANDTOWN RD SW
ATLANTA GA 30311

---

## Section I - Property Coverages

| | Limits of Liability | Premium |
|---|---|---|
| A – DWELLING | $   405,000 | $   5,086.00 |
| B – OTHER STRUCTURES | 40,500 | INCL |
| C – PERSONAL PROPERTY | 283,500 | INCL |
| D – LOSS OF USE | 121,500 | INCL |

---

## Section II - Liability Coverages

| | | |
|---|---|---|
| E – PERSONAL LIABILITY (BODILY INJURY AND PROPERTY DAMAGE) EACH OCCURRENCE | $   100,000 | INCL |
| F – MEDICAL PAYMENTS TO OTHERS- EACH PERSON | 1,000 | INCL |

---

## Policy Forms and Endorsements

| | | | | |
|---|---|---|---|---|
| HO-3 | (06-91) | Homeowners 3 Special Form | | |
| HA-300 GA | (10-12) | Special Provisions | | |
| HA-54 | (08-99) | Earthquake (Masonry Veneer Excluded) | | |
| HO-828 | (06-03) | Limited Fungi, Other Microbes or Rot Remediation | $ | 130.00 |
| | | Section I – Property Coverage | $25,000 | |
| | | Section II – Aggregate Sublimit | $50,000 | |
| 58064 | (06-99) | Value Added Package | $ | 604.00 |

---

**Total Premium** $   5,820.00

---

**Your Premium Reflects the Following Credits or State Surcharges**

Security Credit                                           -299.00

---

Continued on next page

Insured Copy

PL-8551 2-11   412/DHG541   DECP: 25

000519/00094 F3115AHU 7948 08/28/13

# EXHIBIT C

Fulton County Tax Office

7/15/17, 11:11 AM



FULTON COUNTY
Board of Assessors

Recent Sales in Neighborhood
Recent Sales in Area    Previous Parcel    Next Parcel    Field Definitions    Return to Main Search    Fulton Home

## Owner and Parcel Information

| | | | |
|---|---|---|---|
| Owner Name | HORNSBY AVIS K | Today's Date | July 15, 2017 |
| Mailing Address | 2016 SANDTOWN RD SW | Parcel Number | 14 016900050342 |
| | ATLANTA, GA 30311 | Tax District | 05 |
| Location Address | 2016 SANDTOWN RD | Zoning | R4 |
| Legal Description | R4 | Acres | 0.5157 |
| Property Class | R3-Residential Lots | Parcel Map | Show Parcel Map |
| Neighborhood | 1458 | Homestead | N |
| Legal Description | | | |

## Assessment Information    Hide Historical Assessments    2017 Assessment Notice

| Year | LUC | CLASS | Land Value | Building Value | Total Value | Assessed Value |
|---|---|---|---|---|---|---|
| 2017 | 101 | R3 | $ 10,200 | $ 60,500 | $ 70,700 | $ 28,280 |
| 2016 | 101 | R3 | $ 6,800 | $ 31,000 | $ 37,800 | $ 15,120 |
| 2015 | 101 | R3 | $ 6,800 | $ 31,000 | $ 37,800 | $ 15,120 |
| 2014 | 101 | R3 | $ 6,800 | $ 31,000 | $ 37,800 | $ 15,120 |
| 2013 | 101 | R3 | $ 12,900 | $ 35,500 | $ 48,400 | $ 19,360 |
| 2012 | 101 | R3 | $ 12,900 | $ 35,500 | $ 48,400 | $ 19,360 |
| 2011 | 101 | R3 | $ 14,400 | $ 60,000 | $ 74,400 | $ 29,760 |
| 2010 | 101 | R3 | $ 31,800 | $ 90,000 | $ 121,800 | $ 48,720 |
| 2009 | 101 | R3 | $ 31,800 | $ 90,000 | $ 121,800 | $ 48,720 |

## Land Information

| Land Type | Land Code | Description | Square Feet | Acreage | Price |
|---|---|---|---|---|---|
| S | 1 | | 22,464 | 0.5157 | $ 10,190 |

## Improvement Information

| Card | Stories | Exterior Wall | Style | Year Built | Res Sq Ft | Basement | Total Bsmt Sqft | Finished Bsmt Sqft |
|---|---|---|---|---|---|---|---|---|
| 1 | 1 | FRAME | CONVENTIONAL | 1950 | 2,582 | PART | | |

| Garage Sqft | Garage Type | Total Rooms | Bedrooms | Full Bath/Half Bath | Attic | Additional Fixtures | Heating System | Heat |
|---|---|---|---|---|---|---|---|---|
| | | 7 | 3 | 2/0 | W/HGT | 2 | WARM AIR | CENTRAL WITH A/C |

| Total Fixtures | Masonry Fireplaces | Heating Fuel Type | Pre Fab Fireplace | Split Level/Foyer | Miscellaneous Feature | Miscellaneous Feature 2 |
|---|---|---|---|---|---|---|
| 8 | 1 | GAS | 1 | | | |

Grade Factor: C 1  Cost/Design Factor: 0%  CDU: FR

## Building Sketch  Enlarge Sketch

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| LOUISE T. HORNSBY | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. _____ |
| | ) | |
| BANK OF AMERICA, N.A. | ) | |
| THE AUTOMOBILE INSURANCE | ) | |
| COMPANY OF HARTFORD, | ) | |
| CONNECTICUT a/k/a TRAVELERS, | ) | |
| SOUTHERN INSURANCE AGENCY, | ) | |
| INC., RUSHMORE LOAN | ) | |
| MANAGEMENT SERVICES, LLC, | ) | |
| WILMINGTON SAVINGS FUND | ) | |
| SOCIETY, FSB d/b/a CHRISTIANA | ) | |
| TRUST, not in its individual capacity but | ) | |
| solely as Trustee for BCAT 2014-4TT | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **VERIFICATION**

STATE OF GEORGIA
COUNTY OF FULTON

    I, Plaintiff LOUISE T. HORNSBY, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify. I hereby certify and affirm that contents in the aforementioned VERIFIED COMPLAINT FOR FRAUD, THEFT, ATTEMPTED WRONGFUL FORECLOSURE AND INJUNCTIVE RELIEF are true and correct to the best of my knowledge and belief.

                                    _____
                                      LOUISE T. HORNSBY

Sworn to and Subscribed by
this ___ day of September, 2017.

_____
Notary Public
My Commission expires: May 13, 2019

1

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

LOUISE T. HORNSBY                          )
                                           )
         Plaintiffs,                       )
                                           )
                                           )          CIVIL ACTION FILE
v.                                         )          NO. _____
                                           )
BANK OF AMERICA, N.A.                      )
THE AUTOMOBILE INSURANCE                   )
COMPANY OF HARTFORD,                       )
CONNECTICUT a/k/a TRAVELERS,               )
SOUTHERN INSURANCE AGENCY,                 )
INC., RUSHMORE LOAN                        )
MANAGEMENT SERVICES, LLC,                  )
WILMINGTON SAVINGS FUND                    )
SOCIETY, FSB d/b/a CHRISTIANA              )
TRUST, not in its individual capacity but  )
solely as Trustee for BCAT 2014-4TT        )
                                           )
         Defendants.                       )
_____       )

## VERIFICATION

STATE OF GEORGIA
COUNTY OF FULTON

    I, Plaintiff LOUISE T. HORNSBY, having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify. I hereby certify and affirm that contents in the aforementioned VERIFIED COMPLAINT FOR FRAUD, THEFT, ATTEMPTED WRONGFUL FORECLOSURE AND PETITION FOR TEMPORARY AND PERMANENT RESTRAINING ORDER AND INJUNCTIVE RELIEF are true and correct to the best of my knowledge and belief.

_____
LOUISE T. HORNSBY

Sworn to and Subscribed by
this ____ day of September, 2017.

_____
Notary Public
My Commission expires: May 13, 2019

1

# EXHIBIT "B"

Shellpoint Mortgage Servicing
55 Beattie Place
Suite 110
Greenville, SC  29601
For Inquiries:  (800) 365-7107

Final



Analysis Date:     July 24, 2017

Louise T Hornsby
2016 Sandtown Rd SW
Atlanta GA  30311

Loan:    0578127962
Property Address:
2016 Sandtown Rd S W
Atlanta, GA  30311

**Annual Escrow Account Disclosure Statement**
**Account History**

This is a statement of actual activity in your escrow account from Mar 2017 to Aug 2017.  Last year's anticipated activity (payments to and from your escrow account) is next to the actual activity.

| Payment Information | Current: | Effective Sep 01, 2017: |
|---|---|---|
| Principal & Interest Pmt: | 835.40 | 835.40 |
| Escrow Payment: | 0.00 | 670.49 |
| Other Funds Payment: | 0.00 | 0.00 |
| Assistance Payment (-): | 0.00 | 0.00 |
| Reserve Acct Payment: | 0.00 | 0.00 |
| Total Payment: | $835.40 | $1,505.89 |

| Escrow Balance Calculation | |
|---|---|
| Due Date: | Feb 01, 2012 |
| Escrow Balance: | (33,063.24) |
| Anticipated Pmts to Escrow: | 0.00 |
| Anticipated Pmts from Escrow (-): | 1,008.11 |
| Anticipated Escrow Balance: | ($34,071.35) |

| Date | Payments to Escrow Anticipated | Payments to Escrow Actual | Payments From Escrow Anticipated | Payments From Escrow Actual | Description | Escrow Balance Required | Escrow Balance Actual |
|---|---|---|---|---|---|---|---|
| | | | | | Starting Balance | 4,022.95 | (33,063.24) |
| Mar 2017 | 670.49 | | | * | | 4,693.44 | (33,063.24) |
| Apr 2017 | 670.49 | | | * | | 5,363.93 | (33,063.24) |
| May 2017 | 670.49 | | | * | | 6,034.42 | (33,063.24) |
| Jun 2017 | 670.49 | | | * | | 6,704.91 | (33,063.24) |
| Jul 2017 | 670.49 | | | * | | 7,375.40 | (33,063.24) |
| Aug 2017 | 670.49 | | 492.92 | * | City Tax | 7,552.97 | (33,063.24) |
| Aug 2017 | | | 515.19 | * | Waste District Tax | 7,037.78 | (33,063.24) |
| | | | | | Anticipated Transactions | 7,037.78 | (33,063.24) |
| Jul 2017 | | | | | | | (33,063.24) |
| Aug 2017 | | | | 492.92 | City Tax | | (33,556.16) |
| Aug 2017 | | | | 515.19 | Waste District Tax | | (34,071.35) |
| | $4,022.94 | $0.00 | $1,008.11 | $1,008.11 | | | |

An asterisk (*) indicates a difference from a previous estimate either in the date or the amount.  If you want a further explanation, please call our toll-free number.

Last year, we  anticipated that payments from your account would be made during this period equaling $1,008.11:  Under Federal law, your lowest monthly balance should not have exceeded $1,340.98 or 1/6 of the anticipated payment from the account, unless your mortgage contract or State law specifies a lower amount.  Under your mortgage contract and State law, your lowest monthly balance should not exceed $1,340.98.

Page 1

Shellpoint Mortgage Servicing
For Inquiries: (800) 365-7107

Final

Analysis Date: July 24, 2017

Louise T Hornsby

Loan: 0578127962

### Annual Escrow Account Disclosure Statement
### Projections for Coming Year

This is an estimate of activity in your escrow account during the coming year based on payments anticipated to be made to and from your account.

| Date | Anticipated Payments To Escrow | From Escrow | Description | Escrow Balance Anticipated | Required |
|------|------|------|------|------|------|
| | | | Starting Balance | (34,071.35) | 7,037.78 |
| Sep 2017 | 670.49 | | | (33,400.86) | 7,708.27 |
| Oct 2017 | 670.49 | 161.78 | County Tax | (32,892.15) | 8,216.98 |
| Oct 2017 | | 6,876.00 | Hazard | (39,768.15) | 1,340.98 |
| Nov 2017 | 670.49 | | | (39,097.66) | 2,011.47 |
| Dec 2017 | 670.49 | | | (38,427.17) | 2,681.96 |
| Jan 2018 | 670.49 | | | (37,756.68) | 3,352.45 |
| Feb 2018 | 670.49 | | | (37,086.19) | 4,022.94 |
| Mar 2018 | 670.49 | | | (36,415.70) | 4,693.43 |
| Apr 2018 | 670.49 | | | (35,745.21) | 5,363.92 |
| May 2018 | 670.49 | | | (35,074.72) | 6,034.41 |
| Jun 2018 | 670.49 | | | (34,404.23) | 6,704.90 |
| Jul 2018 | 670.49 | | | (33,733.74) | 7,375.39 |
| Aug 2018 | 670.49 | 492.92 | City Tax | (33,556.17) | 7,552.96 |
| Aug 2018 | | 515.19 | Waste District Tax | (34,071.36) | 7,037.77 |
| | $8,045.88 | $8,045.89 | | | |

(Please keep this statement for comparison with the actual activity in your account at the end of the escrow accounting computation year.)

Your escrow balance contains a cushion of $1,340.98. A cushion is an additional amount of funds held in your escrow balance to prevent the balance from becoming overdrawn when an increase in the disbursement amount occurs. Under Federal law, your lowest monthly balance should not exceed $1,340.98 or 1/6 of the anticipated payment from the account, unless your mortgage contract or State law specifies a lower amount. Under your mortgage contract and State law, your lowest monthly balance should not exceed $1,340.98

Your ending balance from the last month of the account history (escrow balance anticipated) is ($34,071.35). Your starting balance (escrow balance required) according to this analysis should be $7,037.78. This means you have a shortage of $41,109.13. This shortage may be collected from you over a period of 12 months or more unless the shortage is less than 1 month's deposit, in which case we have the additional option of requesting payment within 30 days. We have decided to do nothing.

We anticipate the total of your coming year bills to be $8,045.89. We divide that amount by the number of payments expected during the coming year to obtain your escrow payment.

| New Escrow Payment Calculation | |
|------|------|
| Unadjusted Escrow Payment | 670.49 |
| Surplus Amount: | 0.00 |
| Shortage Amount: | 0.00 |
| Rounding Adjustment Amount: | 0.00 |
| Escrow Payment: | $670.49 |

## CERTIFICATION OF PLAINTIFFS
### PURSUANT TO O.C.G.A. SEC. 9-11-65(b)(2)

THE UNDERSIGNED HEREBY CERTIFIES, pursuant to the requirements of O.C.G.A. §. 9-11-65(b)(2), as Plaintiffs, that immediately after the filing of this Verified Complaint, Plaintiffs gave oral and written notice to Defendant of the filing of this Complaint and the claims therein. The loss which will occur should the Defendant be allowed to proceed could cause irreparable harm to the Plaintiffs. Notice should not be required to the Defendant inasmuch as the Defendant will not suffer any substantial loss should their foreclosure action be delayed.

SO CERTIFIED by Louise T. Hornsby, Pro Se, Plaintiff

Louise T. Hornsby

Sworn to and subscribed before me
this 27 day of September, 2017.

NOTARY PUBLIC
My Commission Expires: May 13, 2019

## **CERTIFICATE OF SERVICE**

I certify that I have this day served a copy of the foregoing EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF AND REQUEST TO PAY MORTGAGE PAYMENTS INTO THE COURT REGISTRY to the following parties:

VIA FACSIMILE to: 770-643-4062 AND US MAIL
Wilmington Savings Fund Society, FSB d/b/a
Christiana Trust, not in its individual capacity but
Solely as Trustee for BCAT 2014-4TT
c/o MCCALLA RAYMER LEIBERT PIERCE, LLC
1544 Old Alabama Road
Roswell, GA 30076

VIA FACSIMILE TO: 1-866-467-1137 AND US MAIL
Wilmington Savings Fund Society, FSB d/b/a
Christiana Trust, not in its individual capacity but
Solely as Trustee for BCAT 2014-4TT
c/o Shellpoint Mortgage Servicing
500 Delaware Ave., 11th Floor
Wilmington, DE 19801

This _29th_ day of _September_ 2017.

_Louise T. Hornsby_
Louise T. Hornsby, Pro Se

2016 Sandtown Rd., S.W.
Atlanta, GA 30311-3420
(p) 404-758-0356

Fulton County Superior Court
***EFILED***TMM
Date: 10/3/2017 8:56 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

LOUISE T. HORNSBY,                    )
                                      )
          Plaintiffs,                 )
                                      )
v.                                    )     CIVIL ACTION FILE
                                      )     NO. 2017CV295888
BANK OF AMERICA, N.A.                 )
THE AUTOMOBILE INSURANCE              )
COMPANY OF HARTFORD,                  )
CONNECTICUT a/k/a TRAVELERS,          )
SOUTHERN INSURANCE AGENCY,            )
INC., GOVERNMENT NATIONAL             )
MORTGAGE ASSOCIATION,                 )
RUSHMORE LOAN MANAGEMENT              )
SERVICES, SHELLPOINT                  )
MORTGAGE SERVICING,                   )
WILMINGTON SAVINGS FUND               )
SOCIETY, FSB d/b/a CHRISTIANA         )
TRUST, not in its individual capacity but  )
solely as Trustee for BCAT 2014-4TT   )
          Defendants.                 )
                                      )

## ORDER GRANTING PLAINTIFF'S EMERGENCY PETITION FOR TEMPORARY 30 Day ord RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

This matter is before the Court on Plaintiff's Complaint and for an Emergency Temporary Restraining Order and Injunctive Relief to prevent Defendants and their attorneys and agents from foreclosing on October 3, 2017, on property located at 2016 Sandtown Rd. SW, Atlanta, Fulton County Georgia 30311, and for good shown by Plaintiff that there will be immediate, irreparable harm and injury resulting should Defendants or their agents be allowed to foreclose on said property before the merits of Plaintiff's case is heard.

IT IS HEREBY ORDERED, that Defendant(s), their attorneys and agents be temporarily restrained and enjoined from foreclosing on the property which is the subject matter of this *(30 days)* Complaint and is located at 2016 Sandtown Rd. SW, Atlanta, Fulton County, Georgia 30311. *ord*

FURTHER ORDERED, that Plaintiff pay into the Court Registry the sum of $835.40 monthly beginning upon the date of this Order and payable again on the 1st day of November 2017 and continuing each and every month thereafter on the 1st day of each month until the conclusion of this case.

SO ORDERED, THIS ___ day of ___ 2017

                                    JUDGE, SUPERIOR COURT
                                    FULTON COUNTY, GEORGIA

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

| | |
|---|---|
| LOUISE T. HORNSBY,<br><br>      Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; THE AUTOMOBILE INSURANCE COMPANY OF HARTFORD, CONNECTICUT a/k/a TRAVERLERS; SOUTHERN INSURANCE AGENCY, INC.; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; WILMINGTON SAVINGS FUND SOCIETY, FSB d/b/a CHRISTIANA TRUST, not in its individual capacity but solely as Trustee for BCAT 2014-4TT,<br><br>      Defendants. | Case No. 2017CV295888<br><br><br><br><br><br><br><br>**NOTICE OF APPEARANCE** |

**PLEASE TAKE NOTICE that** Chandler P. Thompson of the law firm of **Akerman LLP** hereby enters his appearance for defendant Wilmington Savings Fund Society, FSB d/b/a Christiana Trust, not in its individual capacity by solely as Trustee for BCAT 2014-4TT (**Wilmington**).  Mr. Thompson respectfully requests that all filings relative to the above matter be served upon him at 170 South Main Street, Suite 725, Salt Lake City, Utah 874101.

DATED this 18th day of October, 2017.

**AKERMAN LLP**

By:*/s/ Chandler P. Thompson*
    Chandler P. Thompson (Ga. Bar. No. 707517)
    170 South Main Street, Suite 725
    Salt Lake City, UT  84101-1648
    Telephone:(801) 907-6900
    chandler.thompson@akerman.com
    *Attorneys for Defendant Wilmington Savings*
    *Fund Society, FSB, not in its individual capacity*
    *but solely as Trustee for BCAT 2014-4TT*

43159294;1

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of October, 2017, I caused a true and correct copy of

the **NOTICE OF APPEARANCE** to be served on the following persons in the manner

indicated below at the following addresses:

Louise T. Hornsby
2016 Sandtown Road
Atlanta, Georgia  30311

*Pro Se Plaintiff*

☐      by **E-mail**
☐      by **CM/ECF**
☐      by **Facsimile Transmission**
☒      by **First Class Mail**
☐      by **Hand Delivery**

*/s/ Chandler P. Thompson*

Fulton County Superior Court
***EFILED***LW
Date: 10/23/2017 7:36 PM
Cathelene Robinson, Clerk

Civil Action No. _2017 CV 295888_

Date Filed _10/3/2017_

Magistrate Court ☐
Superior Court ☑
State Court ☐
Georgia, ~~Gwinnett~~ County
Fulton

Attorney's Address
Louise T. Hornsby, Pro Se
2016 Sandtown Rd. S.W.
Atlanta, Georgia 30311

Louise T. Hornsby
                    Plaintiff

VS.

Bank of America, NA
et al.
                    Defendant

Name and Address of party to be served.
Rushmore Loan Management Services LLC
C/O Corporate Service Company (Registered Agent)
40 Technology ~~Pry~~ Pky South Ste 300
Norcross, Gwinnett County ~~PA~~ GA 30092
                    Garnishee

### Sheriff's Entry Of Service

**Personal** ☐
I have this day served the defendant _____ personally with a copy of the within action and summons.

**Notorious** ☐
I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at the residence of defendant.

**Corporation** ☑
Served the defendant _Rushmore Loan Management_ a corporation
by leaving a copy of the within action and summons with _Alisha Smith (RA)_
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐
Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This _11_ day of _Oct_, 20_17_.

_T. Dupsey 8043_
                    Deputy

Sheriff Docket _____ Page _____

Gwinnett County, Georgia

WHITE: Clerk    CANARY: Plaintiff / Attorney    PINK: Defendant

SC-2 Rev.3.13

Gwinnett County Superior Court
***EFILED***LW
Date: 10/23/2017 7:36 PM
Cathelene Robinson, Clerk

74460
74460

Civil Action No. 2017 CV 295888

Date Filed 10/3/2019

Magistrate Court ☐
Superior Court ☑
State Court ☐
Georgia, Gwinnett County
Fulton

Attorney's Address Louise T. Hornsby, Pro Se
2016 Sandtown Rd. S.W.
Atlanta, Georgia 30311

Louise T. Hornsby
**Plaintiff**

VS.

Bank of America, N.A.
et al
**Defendant**

Name and Address of party to be served.
The Automobile Ins. Co of Hartford
Conn A/K/A Travelers Southern
Insurance Agency          Registered
C/O Corporation Service Company Agent
40 Technology Pky South, Suite 300 Norcross
Gwinnette County, GA 30098      Suite (300)

**Garnishee**

## Sheriff's Entry Of Service

**Personal** ☐

I have this day served the defendant _____ personally with a copy
of the within action and summons.

**Notorious** ☐

I have this day served the defendant _____ by leaving
a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows

age, about _____ years; weight, about _____ pounds; height, about _____ feet and _____ inches; domiciled at
the residence of defendant.

**Corporation** ☐

Served the defendant The Automobie Ins Co. a corporation
by leaving a copy of the within action and summons with Alisha Smith (CA)
in charge of the office and place of doing business of said Corporation in this County.

**Tack & Mail** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the
premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States
Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate
postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**Non Est** ☐

Diligent search made and defendant _____
not to be found in the jurisdiction of this Court.

This _____11_____ day of Oct, 20 17.

R. Dempsey 8043
**Deputy**

Sheriff Docket_____   Page_____

**Gwinnett County, Georgia**

WHITE: Clerk      CANARY: Plaintiff / Attorney      PINK: Defendant

SC-2 Rev.3.13

## IN THE SUPERIOR COURT OF FULTON COUNTY

### STATE OF GEORGIA

LOUISE T. HORSBY,

    Plaintiff,

vs.

BANK OF AMERICA, N.A.,
THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD,
CONNECTICUT a/k/a TRAVELERS,
SOUTHERN INSURANCE AGENCY,
INC., RUSHMORE LOAN
MANAGEMENT SERVICE, LLC,
WILMINGTON SAVING FUND
SOCIETY, FSB d/b/a CHRISTIANA
TRUST, not in its individual capacity but
Solely as Trustee for BCAT 2014-4TT

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CIVIL ACTION
File No. 2017CV295888

### RULE NISI

Let the parties appear before Judge Doris L. Downs of the Superior Court of Fulton County, Courtroom 7F, in the Justice Center Tower, 185 Central Avenue, S.W., Atlanta, Georgia on _November 25_, 2017 at _3:30_ a.m. / **p.m.** in Courtroom 7F of the Fulton County Justice Center Tower to show cause why Plaintiff's request for injunctive relief for the pendency of this case should not be granted.

Plaintiff shall be responsible for serving a copy of this Rule Nisi upon all of the Defendants and be prepared to evidence proof of such service at the start of the hearing.

**SO ORDERED**, this _30_ day of _October_ 2017.

_____
Doris L. Downs, Judge
Superior Court of Fulton County

*Filed and Served via Odyssey eFileGA*

Fulton County Superior Court
***EFILED***QW
Date: 11/3/2017 4:05 PM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY

## STATE OF GEORGIA

LOUISE T. HORSBY,

   Plaintiff,

vs.

BANK OF AMERICA, N.A.,
THE AUTOMOBILE INSURANCE
COMPANY OF HARTFORD,
CONNECTICUT a/k/a TRAVELERS,
SOUTHERN INSURANCE AGENCY,
INC., RUSHMORE LOAN
MANAGEMENT SERVICE, LLC,
WILMINGTON SAVING FUND
SOCIETY, FSB d/b/a CHRISTIANA
TRUST, not in its individual capacity but
Solely as Trustee for BCAT 2014-4TT

   Defendants.

CIVIL ACTION
File No. 2017CV295888

### AMENDED RULE NISI

Let the parties appear before Judge Doris L. Downs of the Superior Court of Fulton County, Courtroom 7F, in the Justice Center Tower, 185 Central Avenue, S.W., Atlanta, Georgia on **November 27, 2017 at 3:30 p.m.** in Courtroom 7F of the Fulton County Justice Center Tower to show cause why Plaintiff's request for injunctive relief for the pendency of this case should not be granted. The prior Rule Nisi with a November 25, 2017 hearing date is vacated.

Plaintiff shall be responsible for serving a copy of this Rule Nisi upon all of the Defendants and be prepared to evidence proof of such service at the start of the hearing.

**SO ORDERED**, this __3rd__ day of __Nov.__ 2017.

_____
Doris L. Downs, Judge
Superior Court of Fulton County

*Filed and Served via Odyssey eFileGA*